USCA1 Opinion

 

 June 5, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-2113  STANLEY J. MALEK, JR., Plaintiff, Appellant, v. DEPUTY SHERIFF DAVID KNIGHTLY, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Michael A. Ponsor, U.S. District Judge] ____________________ Before Torruella, Chief Judge, ___________ Selya and Boudin, Circuit Judges. ______________ ____________________ Stanley J. Malek, Jr. on brief pro se. _____________________ Richard L. Barry, Jr. on brief for appellees. _____________________ ____________________ ____________________ Per Curiam. Plaintiff-appellant Stanley J. Malek __________ appeals from the dismissal of his amended civil rights complaint for failure to state a claim. We affirm the dismissal of appellant's federal claims, but modify the dismissal of appellant's state law claims to reflect that their dismissal is without prejudice to their being renewed in state court.  BACKGROUND __________ On April 7, 1994, appellant filed a complaint in the district court. As amended, the complaint alleges violations of 42 U.S.C. 1983, 1985, and 1986 against deputy sheriffs David Knightly and Francis Cote, Sheriff Robert Garvey, Hampshire County Sheriff's Department, and Hampshire County Sheriff's, Inc. The amended complaint also includes a variety of state common law claims. Stripped to its essentials, the complaint alleges that on February 23, 1994, at approximately 8:00 a.m., deputy sheriffs Knightly and Cote came onto appellant's property, entered his home without his consent, and arrested him. Knightly and Cote then transported appellant to jail. On the way there, the deputy sheriffs showed appellant a "purported" capias. After being held for a short period of time, appellant was released and given a court date to return. Thereafter, appellant sent notices regarding this incident to the Hampshire County Commissioners, the chairman of the Board -3- 3 of Commissioners, and appellee Sheriff Garvey. Appellant received no response to these notices.  Based on these facts, appellant alleged violations of his rights to due process of law and to be free from unreasonable searches and seizures under the Fourth, Fifth, Ninth, and Fourteenth Amendments. He also alleged a conspiracy to deprive him of his civil rights in violation of 42 U.S.C. 1983, 1985, and 1986. Finally, he alleged state law claims for false imprisonment, trespass, defamation, invasion of privacy, and civil conspiracy. On May 31, 1994, defendants-appellees filed a motion to dismiss the amended complaint for failure to state a claim. The two deputy sheriffs and the sheriff also asserted a defense of quasi- judicial immunity. In support of the motion to dismiss, appellees submitted copies of various court documents. These documents included a copy of a capias issued by Ware District Court commanding appellant's arrest for contempt based on his failure to appear in court for a supplementary process hearing. Appellant responded by moving to strike the motion to dismiss. On August 25, 1994, the district court allowed the motion to dismiss as to all claims. Judgment entered on August 26, 1994. Appellant filed a timely motion for reconsideration, which was denied. This appeal ensued. -4- 4 DISCUSSION __________ I. _ Appellate review of a motion to dismiss is de novo. __ ____ See, e.g., Armstrong v. Jefferson Smurfit Corp., 30 F.3d 11, ___ ____ _________ _______________________ 12 (1st Cir. 1994). The standard for assessing the adequacy of a civil rights claim is whether, accepting the factual averments in the complaint as true, and construing them in the light most favorable to the plaintiff, the pleading shows any fact which could entitle the plaintiff to relief. See, ___ e.g., Leatherman v. Tarrant County Narcotics Intelligence & ____ __________ ________________________________________ Coordination Unit, 113 S. Ct. 1160, 1161-63 (1993); Gooley v. _________________ ______ Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988). Because _______________ appellant is pro se, we read his complaint with an extra ___ __ degree of solicitude. Rodi v. Ventetuolo, 941 F.2d 22, 23 ____ __________ (1st Cir. 1991). We are free to affirm on any basis supported by the record. See Watterson v. Page, 987 F.2d 1, ___ _________ ____ 7 n.3 (1st Cir. 1993). II. __ Appellant argues that his amended complaint should not have been dismissed because it states a valid claim under 1983 for violation of his constitutional right to be free from unreasonable searches and seizures.1 In particular, he contends that a capias is not a warrant, and that he stated a  ____________________ 1. Appellant does not raise on appeal the dismissal of his claims under 42 U.S.C. 1985, 1986, and they are, therefore, deemed waived.  -5- 5 claim against deputy sheriffs Knightly and Cote under the Fourth Amendment based on their unconsented to entry into his home without a warrant. Appellant also contends that he has stated a claim against Sheriff Garvey, in his individual and official capacity, based on Garvey's failure to reprimand Knightly and Cote after appellant sent him three notices about the February 23, 1994 incident.  A. Deputy Sheriffs Knightly and Cote Appellees urge, and the district court found, that deputy sheriffs Knightly and Cote are entitled to quasi- judicial immunity because they were executing a facially valid warrant. See Forte v. Sullivan, 935 F.2d 1, 3 (1st Cir. ___ _____ ________ 1991). Appellant responds that the defense of absolute immunity must fail because the deputies exceeded legal bounds in executing the warrant. See Martin v. Board of County ___ ______ ________________ Comm'rs, 909 F.2d 402, 405 (10th Cir. 1990) ("[A] judicial _______ warrant contains an implicit directive that the arrest . . . be carried out in a lawful manner."). We need not resolve the issue whether absolute immunity protects Knightly and Cote, however, because we find that, in any event, they are entitled to qualified immunity since they did not violate a "clearly established" right. See Harlow v. Fitzgerald, 457 ___ ______ __________ U.S. 800, 818 (1982) (holding that qualified immunity shields public officials performing discretionary functions from liability for civil damages insofar as their conduct does not -6- 6 violate clearly established rights of which a reasonable person should have known). In Payton v. New York, 445 U.S. 573 (1980), the ______ _________ Supreme Court held that the Fourth Amendment prohibits the police from effecting a warrantless and nonconsensual entry into a suspect's home in order to make a routine felony arrest. However, the Court also held that a criminal arrest warrant alone was sufficient to authorize the entry into a person's home to effect his arrest. Payton, 445 U.S. at 602- ______ 03; see also Steagald v. United States, 451 U.S. 204, 214 n.7 ________ ________ _____________ (1981) (discussing Payton). Contrary to appellant's ______ suggestion, the deputy sheriffs who entered his home had an arrest warrant. The issue, as we see it, is whether a bench warrant for civil contempt authorizes entry into the arrestee's home to effect the arrest.  This latter issue has received surprisingly little discussion in the case law, and we have found no Massachusetts or federal cases directly on point. Because the issue was inadequately briefed, we do not resolve it here. Given the dearth of relevant case law, we cannot say that Knightly or Cote (or more precisely, an objectively reasonably police office in their position) knew or should have known that their actions violated appellant's Fourth Amendment rights, if, in fact, they did. See Wiley v. Doory, ___ _____ _____ 14 F.3d 993, 995 (4th Cir. 1994) (Powell, J.) (observing that -7- 7 in determining whether the plaintiff has asserted a violation of a clearly established right, "`the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged.'") (quoting Pritchett v. Alford, 973 F.2d 307, _________ ______ 312 (4th Cir. 1992)).  B. Sheriff Garvey Appellant failed to state a claim against Sheriff Garvey even if we assume, arguendo, that his deputies ________ violated a federally protected right. A supervisor may be liable only on the basis of his own acts or omissions, and there must be an affirmative link between the supervisor's action or inaction and the street level misconduct. Bowen v. _____ City of Manchester, 966 F.2d 13, 20 (1st Cir. 1992); ____________________ Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 562 (1st Cir. ___________________ _________ 1989). In the instant case, appellant attempts to hold Sheriff Garvey liable based on his failure to reprimand deputy sheriffs Knightly and Cote for their actions on February 23, 1994. However, the failure of a supervisor to discipline his subordinates following a single instance of "misconduct" is insufficient for a finding of supervisory liability because the failure to act cannot have caused the violation. See Febus-Rodriguez v. Batencourt-Lebron, 14 F.3d ___ _______________ _________________ 87, 93 (1st Cir. 1994) (no liability where supervisor was not provided with requisite notice of behavior which was likely -8- 8 to result in constitutional violation). We add that, in any event, Sheriff Garvey would also be entitled to a defense of qualified immunity. Appellant's claim against Sheriff Garvey in his official capacity also fails. An official-capacity suit is actually a suit against the entity of which the officer is an agent. Kentucky v. Graham, 473 U.S. 159, 165 (1985). To ________ ______ establish municipal liability under 1983, the plaintiff must show that municipal employees were acting pursuant to some official policy or custom of the city when they violated the plaintiff's rights. Oklahoma City v. Tuttle, 471 U.S. _____________ ______ 808, 810 (1985); Monell v. Department of Social Servs., 436 ______ ____________________________ U.S. 658, 694 (1978). Because the issue was not briefed, we pass the question whether Sheriff Garvey, in the instant case, should be considered an agent of the state (in which case Eleventh Amendment immunity applies) or of the county (in which case it does not). We will assume, without deciding, that Sheriff Garvey should be considered a county agent. Even so, appellant's claim fails because he does not allege that deputy sheriffs Knightly and Cote acted in conformity with official county policy, or that their actions were caused by Sheriff Garvey's acquiescence in previous "misconduct."  III. ___ -9- 9 Because we affirm the district court's dismissal of appellant's federal claims, we find that the district court did not abuse its discretion in dismissing the state law claims. United Mine Workers of America v. Gibbs, 383 U.S. _______________________________ _____ 715, 726 (1966). We modify the dismissal of the state law claims, however, to the extent that they were dismissed with prejudice. Appellant should not be barred by reason of the impotence of his federal claims from bringing his common law claims before a state tribunal.  We have carefully considered appellant's remaining arguments and find them to be without merit. Accordingly, we affirm the dismissal of appellant's claims but modify the judgment to reflect that the state claims are dismissed without prejudice to their renewal in state court. Affirmed as modified. ____________________ -10- 10