USCA1 Opinion

 

 United States Court of Appeals United States Court of Appeals For the First Circuit For the First Circuit ____________________ No. 94-1060 ROLAND L. ARMSTRONG AND REILOUS LATNEY, Plaintiffs, Appellants, v. JEFFERSON SMURFIT CORPORATION AND SMURFIT PENSION SERVICES COMPANY, Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Frank H. Freedman, Senior U.S. District Judge] __________________________ ____________________ Before Cyr, Boudin and Stahl, Circuit Judges. ______________ ____________________ David A. Robinson with whom Jay N. Michelman and Michelman Law __________________ _________________ _____________ Offices were on brief for appellants. _______ Michael L. Mulhern, with whom Deborah Gage Haude, Winston & ____________________ ___________________ __________ Strawn, John O. Mirick, and Mirick, O'Connell, DeMaillie & Lougee, ______ _______________ _______________________________________ were on brief for appellees. ____________________ July 22, 1994 ____________________ Stahl, Circuit Judge. In this appeal, plaintiffs- _____________ appellants Roland L. Armstrong and Reilous Latney challenge the district court's dismissal of their action brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. 1001 et seq. We affirm. __ ____ I. I. __ STANDARD OF REVIEW AND BACKGROUND STANDARD OF REVIEW AND BACKGROUND _________________________________ Because we are reviewing the grant of a Fed. R. Civ. P. 12(b)(6) motion to dismiss, we will accept the allegations of the complaint as true for purposes of our de __ novo review. See Vartanian v. Monsanto Co., 14 F.3d 697, 700 ____ ___ _________ ____________ (1st Cir. 1994). If, under any theory, these allegations are sufficient to state a claim for which the relief sought can be granted, we will reverse the district court's dismissal of plaintiffs' complaint. See id. ___ ___ Plaintiffs are disabled retirees who participated in an employee welfare benefit plan sponsored by defendant- appellee Jefferson Smurfit Corporation and administered by defendant-appellee Smurfit Pension and Insurance Services Company. In early 1992, defendants made what plaintiffs claim was a "highly unusual" offer of either (1) continuing to participate in the existing retiree group medical insurance program at new 1992 monthly premium costs, or (2) discontinuing participation in the program in exchange for -2- 2 lump sum payments.1 In the course of making this offer, defendants neither informed plaintiffs that the lump sum payments were subject to taxation nor advised plaintiffs to seek tax counsel in making their elections. Plaintiffs elected to receive the lump sum payments. Subsequently, they incurred substantial tax liabilities.2 Plaintiffs allege that defendants stood to gain from plaintiffs' election of the lump sum payments, and that defendants' failure to inform them of possible tax implications was prompted by a desire to encourage such an election. Plaintiffs further contend that they would not have elected to receive the lump sum payments had they been aware of the tax consequences. The theory of their case is that defendants' failure either to inform them that the lump sum payments would be subject to taxation or to advise them to seek tax counsel constituted a breach of defendants' ERISA-prescribed fiduciary duties, see section 404(1)(A) and ___ (B), codified at 29 U.S.C. 1104(a)(1)(A) and (B),3 and ____________________ 1. Plaintiff Armstrong was offered a lump sum of $120,000. Plaintiff Latney was offered a lump sum of $55,000. 2. Plaintiff Armstrong incurred over $37,000 in federal and state tax liabilities. Plaintiff Latney incurred almost $17,000 in federal and state tax liabilities. 3. Section 404(a)(1) directs fiduciaries of ERISA plans to discharge their duties with respect to a plan "solely in the interest of the participants and beneficiaries of the plans." Subsection A of this provision instructs fiduciaries to act "for the exclusive purpose of . . . (i) providing benefits to participants and their beneficiaries; and (ii) defraying -3- 3 entitles them to recover the federal and state taxes they paid on the lump sum payments. At oral argument, plaintiffs' counsel made clear that reimbursement for the taxes paid by plaintiffs -- the remedy requested in plaintiffs' complaint - - is the only remedy sought in this case. The district court rejected plaintiffs' argument on two separate grounds. The court first ruled that plaintiffs' allegations are insufficient to state a claim for breach of fiduciary duty under ERISA. It then held, in the alternative, that ERISA does not permit the remedy plaintiffs are seeking. Accordingly, it granted defendants' motion to dismiss the complaint. This appeal followed. II. II. ___ DISCUSSION DISCUSSION __________ The question of whether plaintiffs' complaint is sufficient to state a claim for breach of fiduciary duty is a close one, given (1) plaintiffs' allegation that defendants intentionally withheld the information, and (2) that the _____________ common law trust principles incorporated into section 404(a) require a fiduciary to disclose material facts affecting the interests of participants and beneficiaries which the ____________________ reasonable expenses of administering the plan." Subsection B of this provision mandates that fiduciaries act "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims." -4- 4 fiduciary knows the participants and beneficiaries do not know, and which such parties need to know for their protection in dealing with third persons. See, e.g., Bixler ___ ____ ______ v. Central Pa. Teamsters Health & Welfare Fund, 12 F.3d 1292, ___________________________________________ 1300 (3d Cir. 1993) (citing Restatement (Second) of Trusts 173, comment d (1959)). It is, however, a question that we need not answer, for the relief plaintiffs seek is unavailable under ERISA. Plaintiffs primarily frame their claim as one brought pursuant to ERISA section 502(a)(3), codified at 29 U.S.C. 1132(a)(3).4 Under section 502(a)(3), a plan participant or beneficiary can "obtain . . . appropriate equitable relief" to redress violations of ERISA or the terms of a plan. We note that it is not at all clear that this provision empowers plan participants or beneficiaries to sue fiduciaries directly for breach of a fiduciary duty rather than on behalf of the plan. See Massachusetts Mutual Life ___ _________________________ ____________________ 4. In the final paragraph of their appellate brief, plaintiffs raise for the first time a halfhearted alternative argument that the reimbursement they are seeking can be viewed as "benefits due to [them] under the terms of [their] plan," and that they therefore have stated a claim under ERISA section 502(a)(1)(B), codified at 29 U.S.C. 1132(a)(1)(B) (allowing participants and beneficiaries to recover, inter alia, benefits due them under the terms of _____ ____ their ERISA plans). While this argument strikes us as a bit farfetched, given that lump sum payments seem not to have been contemplated by the plan and were offered in lieu of __ ____ __ continued plan participation, we regard it as waived and will not address it on the merits. See FDIC v. World Univ. Inc., ___ ____ ________________ 978 F.2d 10, 13 (1st Cir. 1992) (arguments raised for the first time on appeal ordinarily are deemed waived). -5- 5 Ins. Co. v. Russell, 473 U.S. 134, 151-52 (1985) (Brennan, ________ _______ J., concurring in the judgment) (noting ambiguity in majority opinion as to whether ERISA imposes upon fiduciaries actionable duties beyond those running to the plan itself). Even if we assume arguendo that such a suit is ________ authorized, however, plaintiffs' claim founders because the Supreme Court, after a comprehensive review of the entire statute, clearly has held that the compensatory legal damages they are seeking here do not fall within the "appropriate equitable relief" authorized by ERISA's section 502(a)(3). See Mertens v. Hewitt Assocs., 113 S. Ct. 2063, 2068-72 ___ _______ ______________ (1993). In the face of this recent, on-point Supreme Court decision, plaintiffs presented the district court with two rather weak arguments. First, plaintiffs made much of the fact that they were seeking only "make-whole" damages. What they overlooked, however, is that Mertens precludes make- _______ whole damages which are not equitable in nature. Second, plaintiffs, reading significance into the fact that, unlike the instant action, Mertens involved a claim under section _______ 502(a)(3) against a nonfiduciary, contended that, for several ___ reasons, section 502(a)(3) would allow for the recovery of money damages against fiduciaries. All of these arguments are answered, however, by the fact that the status of the defendant (i.e., fiduciary or nonfiduciary) does not affect the question of whether compensatory legal damages constitute -6- 6 "appropriate equitable relief" under the statute. This is ____ the question answered, in the negative, by the Mertens Court. _______ And, this negative answer compels the conclusion that plaintiffs are precluded from recovering damages for the federal and state tax liabilities they incurred on the lump sum payments.5 III. III. ____ CONCLUSION CONCLUSION __________ For the reasons stated above, we affirm the district court's dismissal of plaintiffs' complaint. Affirmed. Costs to appellees. Affirmed. Costs to appellees. ________ _____ __ _________ ____________________ 5. On appeal, plaintiffs argue for the first time that their damages claim constitutes an equitable claim for "restitution." This argument is highly dubious; the tax payments at issue would seem to be completely distinct from any ill-gotten profits which might properly be made subject to a viable restitution claim. At any rate, because plaintiffs did not present this argument to the district court in the first instance, we regard it as waived. See ___ World Univ., 978 F.2d at 13. ___________ -7- 7