46 F.3d 956
 18 Employee Benefits Cas. 2851, Pens. Plan Guide P 23905F
Pamela J. McLEOD, Plaintiff-Appellant,
v.
OREGON LITHOPRINT INC., an Oregon corporation, dba
News-Register Publishing Co.; and News-Register
Employees' Insurance Plan, Defendants-Appellees.
 No. 92-36928.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 3, 1994.
Decided Feb. 1, 1995.
 
 Leslie L. Wellman, Wellman & Murray, Portland, OR, for plaintiff-appellant.
 Wade R. Keenon and William H. Mitchell, Mitchell, Lang & Smith, Portland, OR, for defendants-appellees.
 Appeal from the United States District Court for the District of Oregon.
 Before: ALARCON, NORRIS, and LEAVY, Circuit Judges.
 OPINION
 LEAVY, Circuit Judge:
 
 
 1
 The appellant, Pamela J. McLeod ("McLeod"), appeals from summary judgment on her claims pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Secs. 1001-1371 (West Supp.1994). McLeod argued before the district court that the ERISA plan administrator breached a fiduciary duty under 29 U.S.C. Sec. 1104(a)[1] by failing to notify her that effective May 1, 1990, she had become eligible to apply for cancer insurance coverage from American Family Life Insurance Company ("AFLAC"). She contends that her employer, the News-Register of McMinnville, Oregon, did not inform her of this opportunity until July 1990. On July 19, 1990, before she was notified of the opportunity to obtain cancer coverage, McLeod's physician told her she had cancer. McLeod applied for cancer coverage on July 24, 1990. The application was granted but later rescinded when the insurance company discovered that McLeod had a previous cancer diagnosis. McLeod seeks an award of compensatory damages equal to the benefits that would have been paid to her had she elected coverage under the cancer policy. McLeod prays for compensatory damages for emotional distress in the amount of $100,000. She also seeks statutory damages for the appellees' failure to respond to her request for the plan documentation.
 
 
 2
 Oregon Lithoprint Inc., dba News-Register Publishing Company, and the News-Register Employees' Insurance Plan argued that, as a matter of law, even if they failed to notify McLeod timely about the existence of a cancer insurance policy, she could not recover monetary damages under ERISA because she was not a plan "participant." Both parties agreed that the issue of whether McLeod was a plan "participant" as defined by ERISA was a legal question for the district court to resolve.
 
 
 3
 The district court held that McLeod was not a "participant" or "beneficiary" with respect to the cancer coverage and therefore that she "lacks standing to maintain an ERISA claim against her employer for breach of fiduciary duties or failure to provide AFLAC plan documents." The court also held that, even if McLeod had standing, she could not recover compensatory damages. The court granted defendant's motion for summary judgment. McLeod appealed.
 
 DISCUSSION
 
 4
 I. Whether McLeod Is a "Participant" Under an "Employee
 
 Benefit Plan" Subject to ERISA
 
 5
 A major issue is whether McLeod was a "participant" in the cancer policy. Whether an employee is a participant in an ERISA plan is critical because it involves both standing and subject matter jurisdiction. Stanton v. Gulf Oil Corp., 792 F.2d 432, 434 (4th Cir.1986). The district court found that McLeod had no standing because she was not a participant.[2]
 
 
 6
 The appellees argue that McLeod is not a participant because, under the cancer plan, "it is a legal and factual impossibility for an employee to receive a plan benefit, or to be eligible for a plan benefit, unless there is an individual policy of insurance issued to that employee." The statutory definition of participation in an ERISA plan contradicts the appellee's conclusion:
 
 
 7
 A civil action may be brought ... by a participant ... to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." 29 U.S.C. Sec. 1132(a)(1)(B). A "participant" is defined as "any employee ... who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer." 29 U.S.C. Sec. 1002(7).
 
 
 8
 In determining whether McLeod is a "participant," the analysis focuses on her status of employment, not whether cancer coverage was a distinct plan or a benefit program. The fact that McLeod was not issued an actual policy does not preclude her from being a participant. "[T]he term 'participant' is naturally read to mean either employees in, or reasonably expected to be in, currently covered employment." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 117, 109 S.Ct. 948, 958, 103 L.Ed.2d 80 (1989) (quotation omitted). In construing the phrase "may become eligible" in section 1002(7), the Supreme Court states: "In order to establish that he or she 'may become eligible' for benefits, a claimant must have a colorable claim that (1) he or she will prevail in a suit for benefits, or that (2) eligibility requirements will be fulfilled in the future." Id. at 117-18, 109 S.Ct. at 958.
 
 
 9
 McLeod's argument is that she was eligible to apply for benefits on May 1, 1990, and that she was eligible to receive benefits, had she applied for them by the time she was diagnosed with cancer. Thus, her employment status clearly renders her a participant. McLeod presents a "colorable claim" that she would prevail in a suit for benefits resulting from an alleged breach of fiduciary duty.[3] Because one of the two Firestone tests is met, McLeod is a participant and has standing. We reverse the district court on this issue.
 
 
 10
 II. Whether McLeod May Recover for Breach of Fiduciary Duty
 
 
 11
 Where No Recovery Is Sought for the Plan as a
 
 Whole
 
 12
 McLeod argues there was a breach of fiduciary duty under section 404(a), 29 U.S.C. Sec. 1104(a), which requires a fiduciary to exercise the standard of care a prudent person would exercise. See n. 1, supra. For the appellees' alleged breach of fiduciary duty in failing to inform her of the cancer coverage, McLeod requests the following "equitable or remedial relief":
 
 
 13
 (A) Surcharge of the Defendants as fiduciaries of the Plan in the amount of her unreimbursed expenses and other benefits which would have been reimbursed or provided under the Cancer Insurance Policy with prejudgment interest thereon;
 
 
 14
 (B) An order requiring defendant to reimburse Plaintiff all further expenses of benefits which would have been provided under the Cancer Coverage; and/or
 
 
 15
 (C) A declaratory judgment that Plaintiff is covered as an insured with Cancer Coverage under the Cancer Insurance Policy issued by Defendant AFLAC.
 
 
 16
 The Supreme Court has held that a recovery for breach of fiduciary duty under section 409(a), 29 U.S.C. Sec. 1109(a),[4] must inure to the benefit of the plan as a whole. Massachusetts Mutual Life Insurance Co. v. Russell, 473 U.S. 134, 142, 105 S.Ct. 3085, 3090, 87 L.Ed.2d 96 (1985). We have followed Russell to strictly limit the remedies available under ERISA. Watkins v. Westinghouse Hanford Co., 12 F.3d 1517, 1528 (9th Cir.1993); Sokol v. Bernstein, 803 F.2d 532, 536, 538 (9th Cir.1986).
 
 
 17
 In Sokol, we held: "ERISA grants no private right of action by a beneficiary qua beneficiary; rather, it accords beneficiaries the right to sue on behalf of the entire plan if a fiduciary breaches the plan's terms." Id. In doing so, we extended the Supreme Court's holding in Russell, which was limited to section 409(a), 29 U.S.C. Sec. 1109(a) only, see Russell, 473 U.S. at 139 n. 5, 105 S.Ct. at 3088 n. 5, to section 502(a)(3), 29 U.S.C. Sec. 1132(a)(3),[5] as well. We stated:
 
 
 18
 Russell held that the fiduciary duties set forth in Sec. 409 run only to the plan, and not to individual beneficiaries. In so holding, the Russell Court used language implying that all of the statute's provisions relating to fiduciary duties run only to plans, and not to ... individuals.
 
 
 19
 Sokol, 803 F.2d at 535 (citation omitted).
 
 
 20
 McLeod argues that our decision in Sokol conflicts with the Supreme Court's opinion in Mertens v. Hewitt Assocs., --- U.S. ----, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993). We disagree. After Mertens was decided, we reiterated that section 409(a) precludes claims unless they inure to the benefit of the plan as a whole rather than to an individual. Watkins, 12 F.3d at 1528. We are bound by that decision.[6]
 
 
 21
 McLeod does not seek to recover for the plan as a whole. Instead, she requests money damages pursuant to section 502(a)(3) for herself as the potential beneficiary. Consequently, McLeod is precluded from recovering damages for the claim that the appellees breached a fiduciary duty pursuant to section 1104(a)1(B) for the failure to act with "the care, skill, diligence and prudence required of a fiduciary under ERISA."[7] See Olson v. General Dynamics Corp., 960 F.2d 1418, 1424 (9th Cir.1991) (Reinhardt, J. concurring) ("[T]he federal courts have consistently ruled that ERISA plaintiffs may not recover extracontractual damages."), cert. denied, --- U.S. ----, 112 S.Ct. 2968, 119 L.Ed.2d 588 (1992); Johnson v. District 2 Marine Eng'rs Beneficial Ass'n,--Associated Maritime Officers, Medical Plan, 857 F.2d 514, 518 (9th Cir.1988) (finding no need to reexamine the holding of Sokol unless the Supreme Court indicates otherwise). We affirm the district court on this issue.
 
 
 22
 III. Whether McLeod May Receive Compensatory Damages Under
 
 29 U.S.C. Sec. 1132(a)(3)
 
 23
 McLeod argues that section 502(a)(3) of ERISA, 29 U.S.C. Sec. 1132(a)(3), authorizes a participant to bring a civil action to obtain "appropriate equitable relief" to redress violations of the fiduciary responsibility provisions of ERISA. She argues that the district court erroneously held that the compensatory damages that she requested in her first amended complaint were unavailable under ERISA. She also argues that, pursuant to 29 U.S.C. Sec. 1132(a)(3), she is entitled to recover $100,000 in extra-contractual damages for emotional distress resulting from the failure to obtain cancer coverage.
 
 
 24
 Recent decisions by the Supreme Court and this circuit foreclose McLeod's arguments. "As the Supreme Court has recently held [in Mertens v. Hewitt Assocs., --- U.S. ----, ---- - ----, 113 S.Ct. 2063, 2068-70 (1993) ], equitable relief in the form of the recovery of compensatory damages is not an available remedy under 20 U.S.C. Sec. 1132(a)(3)." Watkins, 12 F.3d at 1520.
 
 
 25
 IV. Whether Summary Judgment Was Proper on the Claim for
 
 
 26
 Relief for Failure to Furnish Copies of the Plan
 
 Instruments
 
 27
 McLeod claims that, notwithstanding whether she is entitled to compensatory damages, she is entitled to statutory damages.
 
 ERISA provides in relevant part that:
 
 28
 The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated.
 
 
 29
 29 U.S.C. Sec. 1024(b)(4). McLeod alleges that the appellee failed to comply with this section:
 
 
 30
 On October 17, 1991, Plaintiff, through her attorneys, requested the following information from Defendant News-Register pursuant to 29 U.S.C. Sec. 1024(b)(4):
 
 
 31
 (A) the Plan document;
 
 
 32
 (B) the Summary Plan Description;
 
 
 33
 (C) the Annual Report; and
 
 
 34
 (D) any other instruments in effect under which the Plan was established or operated.
 
 
 35
 Defendant News-Register responded to Plaintiff's request for information on November 12, 1991, in a letter signed by Joyce Morrow, News-Register Controller. Morrow informed Plaintiff that Defendant News-Register did not have a Plan document, Plan description or an annual report for the Plan.
 
 
 36
 No. 92-450MA, First Amended Complaint, at 4, paras. 16 & 17.
 
 
 37
 Because we conclude that McLeod was a participant, she may be entitled to receive statutory damages for the administrator's alleged failure to provide the required plan documentation:
 
 
 38
 Any administrator who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary ... by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.
 
 
 39
 29 U.S.C. Sec. 1132(c) (1982).
 
 
 40
 The appellees note that McLeod was provided an employee handbook. The administrator also testified that it was their practice to notify participants of the cancer coverage. Both of these events are alleged to have taken place on April 24, 1990. In October 1991 McLeod asked for the plan in writing and was informed that none existed because the "plan" was represented exclusively by the AFLAC representatives. Both parties use the term "plan" and "policy" interchangeably to discuss the cancer coverage, which confuses the issue as to whether a plan document exists and was provided or not. We do not reach the subissue of whether the cancer coverage was a distinct plan or individual benefit program, as the facts are disputed as to whether the delivery of materials McLeod received constitutes compliance with the statutory requirements. We remand on the issue of whether the appellant is entitled to statutory damages for the administrator's failure to provide her with "plan" documents. See Pullman-Standard v. Swint, 456 U.S. 273, 291-92, 102 S.Ct. 1781, 1791-92, 72 L.Ed.2d 66 (1982) (the court of appeals may resolve the issue only if the record permits but one resolution).
 
 
 41
 AFFIRMED in part and REVERSED in part. REMANDED for trial on the claim of failure to provide requested documents pursuant to 29 U.S.C. Sec. 1024(b)(4). The parties shall bear their own costs on appeal.
 
 
 
 [1]
 In relevant part, section 1104(a)(1)(B) provides for a "prudent man" standard of care:
 Subject to sections 1103(c) and (d), 1342, and 1344 of this title, a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries ... with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims[.]
 
 
 [2]
 The district court found that McLeod was not a "participant" or "beneficiary" with respect to the AFLAC cancer coverage and therefore, she "lack[ed] standing to maintain an ERISA claim against her employer for breach of fiduciary duties or the failure to provide AFLAC plan documents." The district court based its decision on the following factors: (1) "participant" does not include potential claimants; (2) no cases were found in which a plaintiff premised an ERISA case on the failure to disclose the existence of an available policy; (3) the cancer policy was not part of the same plan under which McLeod received disability insurance; and (4) nothing in ERISA extends liability to a claim for coverage under a policy that was never validly issued
 
 
 [3]
 The Sixth Circuit has held that:
 In determining who is a "participant," for purposes of standing, the definition found in 29 U.S.C. Sec. 1002(7) must be read in the context of traditional concepts of standing, not in the context of adjudicating the ultimate issue of the merits of plaintiffs' claim that they are not receiving the full extent of the benefits to which they are entitled from the employee benefit plan.... The doctrine of standing is concerned with whether a person is the proper party to request adjudication of a particular issue, whether a person has alleged such a personal stake in the outcome of a justiciable controversy that [she] should be entitled to obtain its judicial resolution. Standing focuses on a person's effort to get [her] complaint before a court and not on the issue [she] wishes to have adjudicated.
 Astor v. International Business Machs. Corp., 7 F.3d 533, 538 (6th Cir.1993) (quoting Hughes v. General Motors Corp., 852 F.2d 568 (6th Cir.1988) (unpublished) (citations omitted), cert. denied, 489 U.S. 1081, 109 S.Ct. 1535, 103 L.Ed.2d 839 (1989)); accord Vartanian v. Monsanto Co., 14 F.3d 697, 701-02 (1st Cir.1994).
 
 
 [4]
 29 U.S.C. Sec. 1109(a) states:
 Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.
 (Emphasis added.)
 
 
 [5]
 Section 503(a)(3), 29 U.S.C. Sec. 1132(a)(3), states:
 (a) Persons empowered to bring a civil action
 A civil action may be brought--
 ....
 (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]
 
 
 [6]
 We are unpersuaded by McLeod's citation of decisions from other circuits. Such decisions do not constitute a change in the law of this circuit. See Montana v. Johnson, 738 F.2d 1074, 1077 (9th Cir.1984) (only en banc decisions of this court, Supreme Court decisions, or subsequent legislation constitute changes in the law)
 
 
 [7]
 The district court found: "Finally, I note that the remedy plaintiff seeks would be contrary to the overriding purpose of ERISA to protect plans as a whole, rather than individual participants."