102 F.3d 376
 20 Employee Benefits Cas. 2361, 96 Cal. Daily
Op. Serv. 9284,
96 Daily Journal D.A.R. 15,297,
Pens. Plan Guide P 23931H
Pamela J. McLEOD, Plaintiff-Appellant,
v.
OREGON LITHOPRINT INC., an Oregon corporation, dba
News-Register Publishing Co.; and News-Register
Employees' Insurance Plan, Defendants-Appellees.
 No. 92-36928.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 26, 1996.
Decided Dec. 20, 1996.
 
 Leslie L. Wellman, Portland, OR, for plaintiff-appellant.
 Thomas M. Christ, Mitchell, Lang & Smith, Portland, OR, for defendants-appellees.
 On Remand from the United States Supreme Court. D.C. No. CV-92-00450-MFM.
 Before: WILLIAM A. NORRIS, Senior Circuit Judge, ALARCON, and LEAVY, Circuit Judges.
 LEAVY, Circuit Judge:
 
 
 1
 This case is before us on remand from the Supreme Court, following the Court's grant of certiorari and vacation of the prior judgment in this case. McLeod v. Oregon Lithoprint Inc., 46 F.3d 956 (9th Cir.1995), cert. granted and judgment vacated, --- U.S. ----, 116 S.Ct. 1346, 134 L.Ed.2d 516 (1996). The Court remanded for further consideration in light of Varity Corp. v. Howe, 516 U.S. ----, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996). The issue now before us is whether the relief which McLeod requests is available under the Employee Retirement Income Security Act ("ERISA") § 502(a)(3), codified at 29 U.S.C. § 1132(a)(3). For the reasons which follow, we again affirm the district court's entry of summary judgment in favor of the defendant.
 
 
 2
 The facts in this case are set forth in McLeod, 46 F.3d at 957. In brief summary, Pamela J. McLeod ("McLeod") filed the instant action against her employer, arguing that her employer's ERISA plan administrator breached a fiduciary duty to her under 29 U.S.C. § 1104(a) by failing to notify McLeod that she had become eligible to apply for coverage under a cancer insurance policy. McLeod seeks a judgment for the amount of benefits that would have been paid to her had she elected coverage under the cancer policy, and for compensatory damages for emotional distress.[1]
 
 
 3
 In our first opinion, we held that McLeod was a plan "participant" and therefore had standing to bring suit. 46 F.3d at 958-59. Nothing in Varity undermines this holding.
 
 
 4
 We also held that McLeod was precluded from bringing an action individually rather than on behalf of the plan as a whole. 46 F.3d at 960. Varity effectively overturns this holding. See --- U.S. at ----, 116 S.Ct. at 1079. (ERISA § 502(a)(3) authorizes actions for individualized equitable relief for breach of fiduciary obligations). The defendant in this case, Oregon Lithoprint, concedes that, under Varity, McLeod can bring her individual action under § 502(a)(3).
 
 
 5
 Finally, we held that McLeod was precluded from seeking the judgment she prayed for because "equitable relief" in the form of the recovery of compensatory damages is not an available remedy under § 502(a)(3). 46 F.3d at 960. The question now before us is whether, following Varity, and on the record in this case, McLeod is precluded from seeking her requested relief under ERISA § 502(a)(3). We conclude that she is.
 
 
 6
 "Appropriate equitable relief" under ERISA § 502(a)(3)
 
 
 7
 ERISA § 502(a)(3) is the third of six subsections in ERISA's "Civil Enforcement" section, and provides:
 
 
 8
 Sec. 502. (a) A civil action may be brought--
 
 
 9
 ... (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan.
 
 
 10
 In Mertens v. Hewitt Assocs., 508 U.S. 248, 257-58, 113 S.Ct. 2063, 2069, 124 L.Ed.2d 161 (1993) the Supreme Court held that the language "appropriate equitable relief" under § 502(a)(3) does not authorize suits for money damages against nonfiduciaries who knowingly participate in a fiduciary's breach of duty. McLeod argues that Mertens established only that monetary relief was not available under ERISA in a claim against a nonfiduciary. Because her action is to remedy a fiduciary breach, the phrase "appropriate equitable relief" should include monetary relief in the form of compensatory damages. McLeod asserts that without monetary relief, she is left with no adequate remedy.
 
 
 11
 We reject McLeod's argument because the status of the defendant, whether fiduciary or nonfiduciary, does not affect the question of whether damages constitute "appropriate equitable relief" under § 502(a)(3). See Armstrong v. Jefferson Smurfit Corp., 30 F.3d 11, 13 (1st Cir.1994). We have previously stated that the legislative history of ERISA illustrates that the entire statute was aimed at the protection of the integrity of pension plans, rather than at direct protection of each participant. See Sokol v. Bernstein, 803 F.2d 532, 537 (9th Cir.1986). Fiduciaries under ERISA have been made subject to personal liability for losses to the plan resulting from breach of duties. See ERISA § 409(a), 29 U.S.C. § 1109(a). Given the statutory structure and policy compromises of ERISA, we cannot construe "appropriate equitable relief" under § 502(a)(3) in an expanded manner on the basis that a plan participant is bringing an individual action against a fiduciary, rather than against a nonfiduciary.
 
 
 12
 The relief which McLeod seeks is not "equitable relief." She does not seek an injunction, mandamus, or restitution. The complaint does not allege fraud on the part of the plan fiduciaries. There is no allegation of a fund which was wrongfully withheld from McLeod. The basis of her complaint is that the fiduciaries failed to notify her in a timely manner of her right to elect cancer coverage. This is in essence a negligence claim, for which she seeks to be made whole through an award of money damages equal in amount to the benefits that she would have been paid and compensation for her emotional distress.
 
 
 13
 We have previously considered the scope of relief available under § 502(a)(3) and have limited the relief under that section to equitable and not compensatory damages. See Concha v. London, 62 F.3d 1493, 1504 (9th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 1710, 134 L.Ed.2d 772 (1996); Spinelli v. Gaughan, 12 F.3d 853, 858 (9th Cir.1993); Watkins v. Westinghouse Hanford Co., 12 F.3d 1517, 1527-28 (9th Cir.1993); Sokol v. Bernstein, 803 F.2d at 538.[2]
 
 
 14
 McLeod argues that the Supreme Court's language in Varity provides this court with the opportunity to re-examine our previous holdings regarding "appropriate equitable relief" under § 502(a)(3). We reject this contention. The plaintiffs in Varity were seeking reinstatement as participants in the employer's ERISA plan. Reinstatement is equitable, not compensatory, relief. The Varity opinion does not alter the holding in Mertens that compensatory damages are unavailable under § 502(a)(3). Rather, the Varity opinion cites Mertens in response to amici concerns of the adverse consequences of extending a remedy to individual beneficiaries, stating:
 
 
 15
 [T]he statute authorizes "appropriate " equitable relief. We should expect that courts, in fashioning "appropriate" equitable relief, will keep in mind the "special nature and purpose of employee benefit plans," and will respect the "policy choices reflected in the inclusion of certain remedies and the exclusion of others." Pilot Life Ins. Co. 481 U.S. at 54, 107 S.Ct. at 1556. See also Russell, 473 U.S. at 147, 105 S.Ct. at 3092-3093; Mertens, 508 U.S. at 263-264, 113 S.Ct. at 2072.
 
 
 16
 516 U.S. at ----, 116 S.Ct. at 1079.
 
 
 17
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 McLeod's amended complaint prays, in relevant part, for a judgment (1) for "An amount equal to the amount of benefits determined at trial and other amounts which would have been paid under the AFLAC Cancer Insurance Policy if Plaintiff had been covered as of May 1, 1990"; (2) for "Plaintiff's compensatory damages for emotional distress in the amount of $100,000.00"; (3) for "A surcharge of the Defendants as fiduciaries of the Plan in the amount of Plaintiff's unreimbursed expenses and other benefits which would have been reimbursed or provided under the Cancer Insurance Policy"; and (4) for "An order requiring Defendant to reimburse Plaintiff all further expenses or benefits which would have been provided under the Cancer Coverage."
 In her amended complaint, McLeod also sought a declaratory judgment that she was covered as an insured under the cancer insurance policy issued by the defendant insurance company. McLeod's claims against the insurance company and its agent were settled prior to appeal. District Court Opinion, ER tab 60 at 2, n. 2.
 
 
 [2]
 All of the circuits which have considered the issue have held that compensatory damages are not available as "appropriate equitable relief" under § 502(a)(3). See, e.g., Armstrong v. Jefferson Smurfit Corp., 30 F.3d at 13 (1st Cir.1994); Lee v. Burkhart, 991 F.2d 1004, 1011 (2nd Cir.1993); Hein v. F.D.I.C., 88 F.3d 210, 223-24 (3rd Cir.1996); Powell v. Chesapeake and Potomac Tel. Co., 780 F.2d 419, 424 (4th Cir.1985), cert. denied, 476 U.S. 1170, 106 S.Ct. 2892, 90 L.Ed.2d 980 (1986); Sommers Drug Stores Co. v. Corrigan Enters., 793 F.2d 1456, 1462-64 (5th Cir.1986), cert. denied, 479 U.S. 1034, 107 S.Ct. 884, 93 L.Ed.2d 837 (1987); Fraser v. Lintas: Campbell-Ewald, 56 F.3d 722, 725 (6th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 477, 133 L.Ed.2d 405 (1995); Harsch v. Eisenberg, 956 F.2d 651, 654-660 (7th Cir.1992), cert. denied, 506 U.S. 818, 113 S.Ct. 61, 121 L.Ed.2d 29 (1992); Novak v. Andersen Corp., 962 F.2d 757, 759-61 (8th Cir.1992), cert. denied, 508 U.S. 959, 113 S.Ct. 2928, 124 L.Ed.2d 678 (1993); Zimmerman v. Sloss Equip., Inc., 72 F.3d 822, 828-29 (10th Cir.1995); McRae v. Seafarers' Welfare Plan, 920 F.2d 819, 822 (11th Cir.1991)