108 F.3d 337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donna DURHAM, Plaintiff-Appellant,
v.
HEALTH NET, a California corporation; the Restaurant
Enterprises Group Inc. Employee Benefit Plan;
Does 1 through 30, inclusive,
Defendants-Appellees.
 No. 95-16585.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 8, 1996.
Decided Feb. 10, 1997.
 
 Before: HUG, Chief Judge, REAVLEY* and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donna Durham ("Durham") appeals from a summary judgment in favor of her health plan provider, Health Net. She claims that Health Net breached its obligations under her benefit plan when it refused to authorize a high dose chemotherapy and a bone marrow transplant for treatment of her breast cancer. Durham seeks relief under the Employee Retirement Income Security Act ("ERISA"), § 502(a)(1)(B) and § 502(a)(3), codified at 29 U.S.C. §§ 1132(a)(1)(B), 1132(a)(3).
 
 
 3
 In count one of her complaint, Durham seeks recovery of plan benefits under ERISA § 502(a)(1)(B).[1] This provision allows only for recovery of accrued benefits, a declaratory judgment that the participant is entitled to benefits, and an injunction to prevent a plan administrator from wrongly refusing to pay benefits in the future. Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 146-147 (1985). This section does not include an implied action for recovery of damages for delay in the processing of a disputed claim. 473 U.S. at 145.
 
 
 4
 Durham argues that she is not seeking damages in count one, but rather she is seeking only the cost of treatment at the time the treatment was wrongfully refused. There is no authority, found in the words of the statute, its legislative history, or the case law, which would allow a recovery for the value of withheld medical treatment under this section.
 
 
 5
 In count two of her complaint, Durham seeks equitable claims for restitution, constructive trust, and unjust enrichment under ERISA § 502(a)(3).[2] Again, there is no authority to support these equitable claims when disputed medical benefits are delayed or withheld. Durham is essentially seeking an award of damages equal in amount to the medical benefits which she claims were wrongfully withheld. We recently considered the scope of relief available under § 502(a)(3) and have precluded an award of compensatory damages under that section. See McLeod v. Oregon Lithoprint, 102 F.3d 376 (1996 WL 729600) (9th Cir.1996).
 
 
 6
 The district court's order granting summary judgment to defendants-appellees is AFFIRMED.
 
 
 
 *
 Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 29 U.S.C. § 1132(a)(1)(B) provides:
 A civil action may be brought--
 (1) by a participant or beneficiary--
 * * *
 (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
 
 
 [2]
 29 U.S.C. § 1132(a)(3) provides:
 (a) A civil action may be brought--
 ... (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan. (emphasis added).