111 F.3d 138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terry O. KELLY, Appellant-Petitioner,
v.
UNITED MISSOURI BANK, N.A., Appellee-Respondent.
 No. 95-56837.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 9, 1997.*
Decided April 14, 1997.
 
 1
 Before: O'SCANNLAIN and TASHIMA, Circuit Judges; WHALEY,** District Judge:
 
 
 2
 MEMORANDUM***
 
 
 3
 Terry O. Kelly, an attorney, appeals pro se the district court's grant of summary judgment in favor of United Missouri Bank, N.A. ("UMB"). Kelly alleged that UMB, a trustee for his prior law firm's 401(k) plan, breached its fiduciary duty by failing to credit his account with earnings for the second quarter of 1993 prior to making the distribution of its assets to the 401(k) plan of his new law firm. The action was removed to federal court pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1101 et seq. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.
 
 
 4
 Kelly maintains that the district court erred in ruling that as an individual plan participant, he could not maintain an action against UMB, a plan fiduciary, for alleged breaches of fiduciary duty in violation of § 404 of ERISA, 29 U.S.C. § 1104. Because the United States Supreme Court held in Varity Corp. v. Howe, 516 U.S. ----, 116 S.Ct. 1065 (1996), that ERISA § 502(a)(3) authorizes lawsuits for individualized equitable relief for breach of fiduciary obligations, we conclude the district court erred.
 
 
 5
 On remand from the Supreme Court, this court recently held in McLeod v. Oregon Lithoprint, Inc., 102 F.3d 376 (9th Cir.1996), that "appropriate equitable relief" available in an action for breach of duty under ERISA does not include compensatory damages. UMB contends that Kelly's breach of fiduciary claim may not be maintained, notwithstanding the Varity decision, because the only remedy Kelly sought was damages and not "equitable relief." In "Plaintiff's Response to Order to Show Cause," filed October 17, 1995, Kelly did request "such other equitable remedial relief."
 
 
 6
 Because Kelly sought "appropriate equitable relief," the district court may consider, on remand, whether such relief is available in this case.
 
 
 7
 REVERSED and REMANDED for further proceedings.
 
 
 
 *
 The panel unanimously finds this case suitable for decision on the briefs and without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3