112 F.3d 518
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nazareen WARD, Plaintiff-Appellant,
v.
GENERAL MOTORS NATIONAL RETIREMENT SERVICE, Defendant-Appellee.
 No. 96-16639.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 24, 1997.
 
 Before BROWNING, NOONAN, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nazareen Ward appeals pro se the district court's summary judgment in favor of defendant General Motors National Retirement Service ("GM"), and the denial of Ward's motion to amend his complaint. We have jurisdiction under 28 U.S.C. § 1291. We review a grant of summary judgment de novo, see Sarraf v. Standard Ins. Co., 102 F.3d 991, 992 (9th Cir.1996), and denial of a motion to amend a complaint for abuse of discretion, see Johnson v. District 2 Marine Engineers Beneficial Ass'n, 857 F.2d 514, 518 (9th Cir.1988). We affirm.
 
 
 3
 Ward contends that the district court erred by granting summary judgment and determining that his breach of contract claims are preempted by ERISA, that he failed to exhaust his administrative remedies, and that the damages he seeks are unavailable under ERISA. This contention lacks merit.
 
 
 4
 ERISA preempts state law claims relating to an employee benefit plan such as the one here. See 29 U.S.C. § 1144(a); Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47 (1987). Under ERISA, a beneficiary must exhaust his administrative remedies before filing a lawsuit. See Sarraf, 102 F.3d at 993. ERISA does not provide for extra-contractual compensatory and punitive damages. See McLeod v. Oregon Lithoprint Inc., 102 F.3d 376, 378 (9th Cir.1996).
 
 
 5
 Here, the district court did not err when it determined that ERISA preempts Ward's breach of contract claims, see 29 U.S.C. § 1144(a); Pilot Life, 481 U.S. at 47, or that Ward failed to exhaust his administrative remedies, see Sarraf, 102 F.3d at 993. The court did not err when it determined that Ward could not seek extra-contractual and punitive damages under ERISA. See McLeod, 102 F.3d at 378.
 
 
 6
 Ward also contends that the district court abused its discretion when it denied his motion to amend his complaint. This contention lacks merit.
 
 
 7
 Leave to amend a complaint may be denied if the proposed amendment would be futile. See Johnson, 857 F.2d at 518 (denying amendment that sought extra-contractual damages not available under ERISA). The district court did not abuse its discretion when it determined that Ward's proposed amended complaint would be futile, because his claims for discrimination and conspiracy were preempted by ERISA. See Pilot Life, 481 U.S. at 47; Johnson, 857 F.2d at 518.
 
 
 8
 Ward raises for the first time on appeal a claim against the GM plan administrator for breach of fiduciary duty. We decline to consider this claim. See Duggan v. Hobbs, 99 F.3d 307, 313 (9th Cir.1996).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Ward's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3