114 F.3d 1193
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Phillip E. BENSON, Plaintiff-Appellant,
v.
Herbert HAFIF; Greg K. Hafif; Mimi Serna; Law Offices of
Herbert Hafif; Herbert Hafif, a professional
corporation's pension plan and profit
sharing plan, Defendants-Appellees.
Gary E. CRIPE; Catherine M. Graham, Plaintiffs-Appellants,
v.
HERBERT HAFIF LAW OFFICES; Herbert Hafif, a Professional
Corporation Profit Sharing Plan, Pension Plan,
Administrative Committee; Mimi Serna;
Greg K. Hafif, Defendants-Appellees.
Peggy J. Soukup; Jacqueline Monroe, Plaintiffs-Appellants,
v.
LAW OFFICES OF HERBERT HAFIF, a Professional Corporation;
Herbert Hafif, a Professional Corporation Profit Sharing
Plan; Herbert Hafif, a Professional Corporation Pension
Plan; Herbert Hafif, a Professional Corporation; Herbert
Hafif, a Professional Corporation Administrative Committee;
Herbert Hafif; Mimi Serna; Greg K. Hafif, Defendants-Appellees.
Phillip E. BENSON, Esq., Plaintiff-Appellant,
v.
Herbert HAFIF; Greg K. Hafif; Mimi Serna; Law Offices of
Herbert Hafif, a corporation; Herbert Hafif, a Professional
Corporation; Herbert Hafif, a Professional Corporation
Pension Plan, a corporation; Herbert Hafif, a Professional
Corporation Profit Sharing Plan, a corporation,
Defendants-Appellees.
Peggy J. SOUKUP; Jacqueline Monroe, Plaintiffs-Appellants,
v.
LAW OFFICES OF HERBERT HAFIF, a Professional Corporation;
Herbert Hafif, a Professional Corporation Profit Sharing
Plan; Herbert Hafif, a Professional Corporation Pension
Plan; Herbert Hafif, a Professional Corporation; Herbert
Hafif, a Professional Corporation Administrative Committee;
Herbert Hafif; Mimi Serna; Greg K. Hafif, Defendants-Appellees.
Gary E. CRIPE; Catherine M. Graham, Plaintiffs-Appellants,
v.
LAW OFFICES OF HERBERT HAFIF, a Professional Corporation;
Herbert Hafif, a Professional Corporation Profit Sharing
Plan; Herbert Hafif, a Professional Corporation Pension
Plan; Herbert Hafif, a Professional Corporation; Herbert
Hafif, a Professional Corporation Administrative Committee;
Herbert Hafif; Mimi Serna; Greg K. Hafif, Defendants-Appellees.
 Nos. 96-55085, 96-55226, 96-55231, 96-55612, 96-55626 and 96-55630.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 4, 1997.
Decided May 15, 1997.
 
 Before: SCHROEDER, FERGUSON, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiffs-Appellants appeal the district court's grant of summary judgment for the Law Offices of Herbert Hafif and others ("Hafif") on their ERISA (Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461) claims. Plaintiffs-Appellants also appeal the district court's attorney's fees award. In addition, Plaintiff-Appellant Monroe appeals the district court's grant of summary judgment for Hafif on her wrongful termination claim and Plaintiff-Appellant Benson appeals the district court's dismissal of his claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692o, and the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand.
 
 
 3
 This consolidated appeal arises out of three separate actions filed by five former employees of the Law Offices of Herbert Hafif ("LOHH"). The actions raised virtually identical ERISA claims involving the LOHH Pension Plan ("Plan") including claims for plan benefits, breach of fiduciary duty, and declaratory relief. In addition, Plaintiff-Appellant Monroe brought a claim for wrongful termination under ERISA § 510, 29 U.S.C. 1140 and Plaintiff-Appellant Benson brought claims under the FDCPA and the FAA.
 
 
 4
 At a joint hearing on Hafif's motions to dismiss the actions, as to the ERISA claims, the district court converted the motions into motions for summary judgment and granted them. The district court also granted Hafif's motion to dismiss Plaintiff-Appellant Benson's FDCPA and FAA claims for failure to state a claim. Timely notices of appeal were filed and the cases were consolidated on appeal. Upon Hafif's motion, the district court later held all five plaintiffs jointly and severally liable for Hafif's attorney's fees in the amount of $17,500 under ERISA, 29 U.S.C. § 1132(g). Benson was further ordered to pay $2,000 in fees under the FDCPA, 15 U.S.C. § 1692k(a)(3).
 
 ERISA
 
 5
 Plaintiffs-Appellants first contend that the district court improperly converted Hafif's motions to dismiss their ERISA claims into motions for summary judgment without giving them proper notice and an opportunity to submit further factual material. We need not reach this issue because we find there are triable issues of fact precluding summary judgment on the claims for plan benefits and Plaintiff-Appellant Monroe's wrongful termination claim. We affirm the district court's summary judgment on the breach of fiduciary duty claims, as a matter of law, because Plaintiff-Appellants do not seek "appropriate equitable relief" available under ERISA § 502(a)(3) and hence lack standing.
 
 
 6
 Plaintiffs-Appellants contend that they have a colorable claim to vested benefits because the amount that they received when the Plan was terminated was not the full amount of benefits due under the terms of their Plan. Specifically, Plaintiffs-Appellants contend that they were entitled to an all-cash distribution and therefore Hafif's offer of stock did not constitute a distribution of vested benefits under the Plan.
 
 
 7
 An ERISA action may be brought by a "participant" of an ERISA plan. See 29 U.S.C. § 1132(a); Curtis v. Nevada Bonding Corp., 53 F.3d 1023, 1027 (9th Cir.1995). A "participant" is "any employee or former employee ... who is or may become eligible to receive a benefit of" an ERISA plan. 29 U.S.C. § 1002(7); Curtis, 53 F.3d at 1027.
 
 
 8
 Although, "ERISA does not mandate any specific mode of payment," Oster v. Barco of Cal. Employees' Retirement Plan, 869 F.2d 1215, 1218 (9th Cir.1988), the right to a particular method of payment may be provided in the Plan itself, see Woolsey v. Marion Lab., Inc., 934 F.2d 1452, 1457 (10th Cir.1991) (citing Fine v. Semet, 699 F.2d 1091, 1093 (11th Cir.1983)); see also Oster, 869 F.2d at 1217-18 (no right to specific method of payment because Plan provided that the manner in which benefits were distributed was within the sole discretion of the Committee). The Plan documents, however, are not before the court. Thus, there is a triable issue of fact as to whether Plaintiffs-Appellants have a colorable claim to vested benefits. See Jensinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). Accordingly, we reverse the district court's summary judgment for Hafif on their claims for plan benefits.
 
 
 9
 Although there is a triable issue of fact regarding Plaintiffs-Appellants' claim for plan benefits under ERISA § 502(a)(1), we affirm the district court's grant of summary judgment as to their breach of fiduciary duty claims under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), because they effectively seek damages and do not seek "appropriate equitable relief." Plaintiffs-Appellants therefore lack standing. See McLeod v. Oregon Lithoprint Inc., 102 F.3d 376, 378 (9th Cir.1996).
 
 
 10
 Plaintiff-Appellant Monroe contends that the district court erred by granting summary judgment for Hafif on her wrongful termination claims brought under ERISA § 510, 29 U.S.C. § 1140 based on its determination that her claim is time barred.
 
 
 11
 Because there is no express statute of limitations for an alleged violation of ERISA § 510, 29 U.S.C. § 1140, courts must determine the applicable statute of limitations by looking to the statute of limitations for the most analogous state statute. Hinton v. Pacific Enters., 5 F.3d 391, 394 (9th Cir.1993). California allows a wrongful termination claim to be pleaded in contract as well as tort. Id. The statute of limitation pertaining to oral contracts is two years. Cal.Civ.Proc.Code § 339; Hinton, 5 F.3d at 394. The statute of limitations pertaining to written contracts is four years. Cal.Civ.Proc.Code § 337.
 
 
 12
 Here, Hafif terminated Monroe's employment on October 15, 1993. She filed this action on September 29, 1995. Thus, her claim is timely whether her contract was written or oral. See Cal.Civ.Proc.Code §§ 339, 337; Hinton, 5 F.3d at 394.[1]
 
 BENSON'S INDIVIDUAL CLAIMS
 
 13
 Plaintiff-Appellant Benson contends that the district court erred by dismissing his FDCPA and FAA claims for failure to state a claim under Fed.R.Civ.P. 12(b)(6).
 
 
 14
 A dismissal for failure to state a claim is reviewed de novo. In re Wells Fargo Sec. Litig., 12 F.3d 922, 925 (9th Cir.1993). All allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Id. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim. In re VeriFone Sec. Litig., 11 F.3d 865, 868 (9th Cir.1993).
 
 
 15
 The FDCPA is designed to protect consumers from organizations that collect debts for third parties. See 15 U.S.C. § 1692a(6). The FDCPA exempts from its definition of debt collectors, "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C. § 1692a(6)(A). Because LOHH was collecting a debt on its own behalf, and because Herbert Hafif and Greg Hafif were either officers or employees of LOHH, LOHH was not a "debt collector" for purposes of the FDCPA. See id. Benson's conclusory allegations to the contrary are insufficient to defeat Hafif's motions to dismiss. See VeriFone, 11 F.3d at 868. Accordingly, we affirm the dismissal of the FDCPA claims.
 
 
 16
 We also affirm the dismissal of the FAA claims because the parties lacked complete diversity of citizenship and Benson has failed to establish independent federal question jurisdiction. See Garrett v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 7 F.3d 882, 883 (9th Cir.1993) ("[F]ederal courts may hear claims under the [FAA] only where there is an independent basis for federal jurisdiction.").
 
 ATTORNEY'S FEES
 
 17
 Plaintiffs-Appellants contend that the district court abused its discretion by awarding Hafif attorney's fees under 29 U.S.C. § 1132(g). Plaintiff-Appellant Benson also appeals the award of fees under the FDCPA. We reverse the district court's fee award because a pro se litigant cannot be compensated under a federal statute for attorney's fees. See Kay v. Ehrler, 499 U.S. 432, 435-37 (1991) (pro se attorney not entitled to attorney's fees under 42 U.S.C. § 1988).
 
 
 18
 AFFIRMED in part, REVERSED in part, and REMANDED. Each party to bear its own costs on appeal.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Monroe alleged that her employment was wrongfully terminated in violation of ERISA § 510 in retaliation for allegedly filing a complaint with the Department of Labor. Hafif's claim that Monroe is alleging for the first time on appeal that her claim under ERISA § 510 is for wrongful retaliation is clearly without merit