129 F.3d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joan CROWNOVER, individually and as guardian of James
Crownover, Plaintiff-Appellant,
v.
APPLE COMPUTER, MED.; Apple Computer, Inc., Defendants-Appellees.
 No. 96-17174.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 6, 1997.
Decided Nov. 13, 1997.
 
 Appeal from the United States District Court for the Northern District of California James Ware, District Judge, Presiding San Francisco, California
 Before: CHOY, GOODWIN, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff Joan Crownover, oil behalf of her son, James Crownover, appeals the grant of summary judgment in favor of defendants Apple Computer, Inc. Medical Plan and Apple Computer, Inc. The district court found, as a matter of law, that the Plan Administrator did not abuse his discretion in denying coverage for cognitive retraining, adaptive skills reacquisition, additional speech and language therapy, and adaptive physical education and attendant care. We affirm.
 
 I.
 
 3
 Where a Plan Administrator is given discretion to determine whether benefits should be awarded under the terms of a plan, his decision should be overturned only for an abuse of discretion. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). An abuse of discretion should be found only if (i) the Plan Administrator failed to explain his decision; (ii) the Plan Administrator construed provisions of the plan in a way that directly conflicted with the plain meaning of the plan, or (iii) the Plan Administrator relied on clearly erroneous finding of fact in making his decision. Taft v. Equitable Life Assur. Soc., 9 F.3d 1469, 1472-73 (9th Cir.1993).
 
 
 4
 Crownover, in this appeal, does not assert that the Plan Administrator failed to explain his decision. Thus, the only bases for finding an abuse of discretion would be if the Plan Administrator construed provisions in the Plan in a way that directly conflicted with the plain language of the plan or the Plan Administrator relied on clearly erroneous findings of fact in making his decision.
 
 
 5
 In reviewing the Plan Administrator's decision, this Court must resolve any ambiguities in the Plan's language in favor of the Plan Administrator as long as his interpretation is reasonable. Johnson v. Dist. 2 Marine Eng. Beneficial Ass'n, 857 F.2d 514, 516 (9th Cir.1988). This Court must further rely only on the evidence that was before the Plan Administrator at the time the initial decision was made to deny reimbursement on the contested claims. Taft, 9 F.3d at 1471-72. The mere fact that the Plan Administrator's decision is directly contrary to some of the evidence in the record does not mean the decision was based on clearly erroneous findings of fact. Snow v. Standard Ins. Co., 87 F.3d 327, 331 (9th Cir.1996). This Court must uphold the Plan Administrator's decision as long as it is supported by substantial evidence, liberally defined by this Court to mean "relevant evidence [that] reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence." Id. at 332 (internal citations and quotations omitted.)
 
 II.
 
 6
 An expense is reimbursable under the terms of the Apple Medical Plan if the expense is covered under the terms of the Plan, "medically necessary" within the meaning of the Plan, and not specifically excluded from reimbursement by the terms of the Plan.
 
 
 7
 The Plan Administrator did rot abuse his discretion in denying reimbursement for cognitive retraining and adaptive skills reacquisition. The Plan Administrator reasonably found that cognitive retraining and adaptive skills reacquisition were not covered expenses under the plan and were not "medically necessary" within the meaning of the Plan. These findings did not directly conflict with the plain language of the plan and were founded upon substantial evidence.
 
 
 8
 The Plan Administrator also did not abuse his discretion in denying reimbursement for additional speech and language therapy. The Plan Administrator reasonably found that additional speech and language therapy, although covered expenses under the plan, were not "medically necessary" within the meaning of the plan. This finding was founded upon substantial evidence. Crownover's argument. that the Plan Administrator erred in failing to consider evidence she submitted after the claim was denied is unavailing. The district court properly concluded that the Plan Administrator was not required to seek out additional evidence after the initial claim denial to uphold his decision. The district court and this Court must make its review for abuse of discretion based on what the Plan Administrator actually relied on in making his initial claim denial and not on what the district court or this Court would have liked to have seen developed in the evidence before the Plan Administrator rendered his final decision on appeal. Snow, 87 F.3d at 332.
 
 
 9
 Finally, the Plan Administrator did not abuse his discretion in denying reimbursement for adaptive physical education and attendant care. The Plan Administrator reasonably found that adaptive physical education and attendant care were not covered expenses under the plan. This finding did not directly conflict with the plain language of the plan. Crownover's argument that she should nevertheless be awarded damages pursuant to ERISA § 502(a)(3), codified at 29 U.S.C. § 1132(a)(3), must fail. Although ERISA § 502(a)(3) authorizes civil actions for "equitable relief," this Court has definitively held that compensatory damages do not qualify as "equitable relief" within the meaning of this section. McLeod v. Oregon Lithoprint, Inc., 102 F.3d 376, 376 (9th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 1823 (1997). The only equitable remedy under ERISA that can provide for money damages is restitution, but Crownover does not seek recovery under a restitution theory. Id.
 
 III.
 
 10
 Attorney's fees and costs may be awarded under 29 U.S.C. § 1132(i)(1) for an appeal in an ERISA action. However, the decision of whether to award attorney's fees and costs is discretionary. Canseco v. Construction Laborers Pension Trust, 93 F.3d 600, 609 (9th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 1250 (1997). Usually, if a plan participant prevails in the underlying action to enforce his or her rights under the plan, recovery of attorney's fees and costs is appropriate, barring circumstances making an award unjust. Id. at 609-610. Because Crownover did not prevail on any of her claims on appeal, Crownover is denied attorney's fees and costs for the appeal.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3