**FMC MEDICAL PLAN; FMC Short–Term Disability Plan; FMC Long–Term Disability Plan, Plaintiffs–Appellees,**

v.

**Jeffrey M. OWENS, Defendant–Appellant.**

No. 96–16160.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 15, 1997.

Decided Aug. 25, 1997.

Julian C. Smith, Jr., Smith and Harmer, Ltd., Carson City, NV, for defendant-appellant.

Shawn B. Meader, Woodburn & Wedge, Reno, NV, for plaintiffs-appellees.

Before: FARRIS and TASHIMA, Circuit Judges, and STAGG, Senior District Judge.*

STAGG, Senior District Judge:

Jeffrey M. Owens ("Owens") appeals the district court's grant of summary judgment in favor of FMC Corporation ("FMC"). The district court determined that it had subject matter jurisdiction under the Employee Retirement Income and Security Act of 1974 ("ERISA"), specifically 29 U.S.C. § 1132(a)(3), to hear FMC's claim for reimbursement. The district court's finding is REVERSED. The remedy sought by FMC is not available under 29 U.S.C. § 1132(a)(3).

## I. FACTS

FMC is the Plan Administrator and a plan fiduciary for the FMC Health Care Plan, the FMC Short–Term Disability Plan, and the FMC Long–Term Disability Plan, (hereinafter collectively referred to as the "Plans") under which benefits are paid to employees of FMC Corporation and its subsidiaries. Each of the Plans specifically provides that FMC, as Plan Administrator, has discretionary authority to construe and interpret its terms. Owens was an employee of FMC Gold Company, a subsidiary of FMC and, as such, was a participant in the Plans.

On November 8, 1991, Owens was in an automobile accident. As a result of the accident, Owens incurred medical bills and was absent from work. The FMC Health Care Plan paid his medical bills, and the FMC Short–Term and Long–Term Disability Plans paid him disability benefits. FMC alleges in its Second Amended Complaint that the Plans paid Owens a total of $50,066.76 as a result of his automobile accident.

Each of the FMC Plans contained the following declaration to the participant:

If you bring a liability claim against any third party, benefits payable under this Plan must be included in the claim, and when the claim is settled you must reimburse the Plan for the benefits provided.

* The Honorable Tom Stagg, Senior United States District Judge for the Western District of Louisi-

. . . .

Unless you sign the Company's third party reimbursement form, the Claims Administrator will not process any claim where there is possible liability of a third party.

Owens signed the required "reimbursement form" in order to receive the Plans' benefits. That form provided in pertinent part:

I agree for myself and dependent(s), to reimburse FMC Corporation for any amounts paid by the plan and recovered from another person or company. If I bring a claim against any party, benefits payable under this Plan must be included in the claim, and when the claim is settled I must reimburse the Plan for the benefits provided.

Jerry Miller ("Miller") was the driver of the other vehicle involved in the accident with Owens. At the time of the accident, Miller was driving a vehicle owned by his employer, John Jay Aguiar ("Aguiar"). Aguiar maintained automobile insurance with Farmers Insurance Exchange. Owens settled his claim against Aguiar for $100,000, which was paid by Farmers Insurance Exchange.

FMC brought the present action in its capacity as Plan Administrator against Owens to enforce the terms of the Plans and to obtain "equitable reimbursement" from Owens's third party recovery for the benefits previously paid to or on his behalf by the Plans. FMC contends that such a claim for reimbursement is authorized by 29 U.S.C. § 1132(a)(3) (hereinafter "section 1132(a)(3)").

The district court, on its own motion, advised FMC that it was not satisfied that it had subject matter jurisdiction as alleged in the original complaint and granted FMC a period of time in which to amend its complaint. Thereafter, FMC filed a Second Amended Complaint, alleging that it sought "equitable reimbursement" pursuant to section 1132(a)(3). Subsequently, FMC filed a motion for summary judgment on its claim for reimbursement. Owens opposed the mo-

ana, sitting by designation.

tion for summary judgment and filed a separate motion to dismiss the Second Amended Complaint for lack of subject matter jurisdiction. Owens claimed that FMC was not seeking an equitable remedy under section 1132(a)(3) and that FMC was actually seeking money damages disguised as a claim for equitable relief. The district court granted FMC's summary judgment motion in favor of reimbursement and denied Owens's motion to dismiss for subject matter jurisdiction. The district court held that it had subject matter jurisdiction to hear FMC's reimbursement claim under section 1132(a)(3). Owens appeals from that decision.

## II. STANDARD OF REVIEW

 A grant of summary judgment is reviewed *de novo*. *T.W. Electrical Serv. Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626 (9th Cir.1987). The existence of subject matter jurisdiction is a matter of law that is reviewed *de novo*. *MSR Exploration, Ltd. v. Meridian Oil Co.*, 74 F.3d 910, 912 (9th Cir.1996).

## III. DISCUSSION

Section 1132(a) provides in pertinent part: A civil action may be brought—

. . . .

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain *other appropriate equitable relief* (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

(emphasis added).

 This section authorizes a civil cause of action by a fiduciary, in this case FMC, to enforce the terms of its plan. However, only specific types of remedies are available under section 1132(a)(3). This section allows a fiduciary to seek an injunction or "other appro-

priate equitable relief." In the present case, "other appropriate equitable relief" must encompass FMC's claim for reimbursement. If not, the remedy sought by FMC is not available under ERISA, and the district court has no subject matter jurisdiction.

The district court held that FMC's right under the Plans was that of subrogation. The court considered subrogation to be an equitable remedy, stating that "[a]t a minimum . . . [section] 1132(a)(3) authorizes relief such as injunction, mandamus, restitution, and other equitable remedies typically available in equity. Subrogation is such a remedy." The district court's classification of FMC's right under the Plans is flawed. FMC's right under the Plans is not one of subrogation.[1] In a subrogation situation, the subrogee can assert the rights of the subrogor. FMC's Plans say nothing of its ability to assert the rights of Owens against a third party so that FMC can recover the amounts it paid to Owens. FMC does not "step into the shoes" of Owens with respect to any claims against the third party tortfeasors. The Plans indicate that *if* Owens recovers from a third party, he must *reimburse* FMC for its payments made on his behalf. FMC's claim is one of contractual reimbursement, not subrogation.

The leading case interpreting the phrase "other appropriate equitable relief" is *Mertens v. Hewitt Associates*, 508 U.S. 248, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993). In *Mertens*, the issue was whether ERISA authorizes suits for money damages against nonfiduciaries who knowingly participate in a fiduciary's breach of duty. *Id.* at 251, 113 S.Ct. at 2065 508 U.S. at 250, 113 S.Ct. at 2066. The petitioners argued that requiring the respondent to make the plan whole for the losses resulting from respondent's alleged knowing participation in a breach of fiduciary duty would constitute "other ap-

---

1. Subrogation is generally defined as

the exchange of a third person who has paid a debt in the place of the creditor to whom he has paid it, so that he may exercise against the debtor all the rights which the creditor, if unpaid, might have done. . . . Insurance companies, guarantors and bonding companies generally have the right to step into the shoes of the party whom they compensate and sue

any party whom the compensated party could have sued. . . . Subrogation is of two kinds, either conventional or legal; the former being where the subrogation is express, by the acts of the creditor and the third person; the latter being (as in the case of sureties) where the subrogation is effected or implied by the operation of the law.

Black's Law Dictionary, Sixth ed.1990.

propriate equitable relief" within the meaning of ERISA. *Id.* at 253, 113 S.Ct. at 2067. In affirming the Ninth Circuit, the Court determined that the petitioners did not seek a "remedy traditionally viewed as 'equitable,' such as injunction or restitution." *Id.* at 255, 113 S.Ct. at 2068. Rather, the Court stated that "although they often dance around the word, what petitioners in fact seek is nothing other than compensatory damages-monetary relief for all losses their plan sustained as a result of the alleged breach of fiduciary duties. Money damages are, of course, the classic form of legal relief." *Id.*

The petitioners in *Mertens* argued that the term "equitable relief" should mean "whatever relief a court of equity is empowered to provide in the particular case at issue." *Id.* at 256, 113 S.Ct. at 2068. The Court found, however, that the term only referred to the traditional forms of equitable relief-injunction, mandamus, and restitution. *See id.* at 256, 113 S.Ct. at 2069. The Court explained, by way of example, that restitution of "ill-gotten" plan assets or profits is a limited way to get monetary relief under this section. *See id.* at 260, 113 S.Ct. at 2071. Indeed, this circuit stated in *Mertens v. Hewitt Associates,* 948 F.2d 607, 612 (9th Cir.1991), that "[t]he only way the district court could fashion an equitable remedy under ERISA to provide a monetary recovery for the plaintiffs against Hewitt would be to order restitution."

This circuit in *Watkins v. Westinghouse Hanford Co.,* 12 F.3d 1517 (9th Cir.1993), interpreted *Mertens* as allowing only the traditional forms of equitable relief under section 1132(a)(3)-injunction, mandamus and restitution. *See id.* at 1527–1528. There, the court did not allow a claim for equitable estoppel following the Supreme Court's interpretation of the phrase in question in *Mertens.* In a footnote, this circuit said "[i]t makes no difference that the Watkinses' claim is *equitable in nature.* The Court in *Mertens* looked to the *substance of the remedy* sought (*i.e.,* injunction versus damages) rather than the label placed on that remedy." *Id.* at 1528 n. 5 (emphasis added).

■ As can be seen from its Second Amended Complaint, FMC does not request an injunction or a writ of *mandamus.* Likewise, what FMC seeks is not restitution. Restitution is referred to in *Mertens* as the return of "ill-gotten" assets or profits taken from a plan. *Mertens,* 508 U.S. at 260, 113 S.Ct. at 2071. Owens did not obtain FMC's funds by any fraud or wrong-doing. Owens obtained the funds pursuant to the Plans, which obligated the funds to be paid to him under the circumstances of this case. FMC's claim is for reimbursement of money that Owens rightfully received under the Plans. Essentially, FMC seeks a breach of contract claim for monetary relief, albeit under its classification of "equitable reimbursement." Such monetary relief is not available under section 1132(a)(3). *See McLeod v. Oregon Lithoprint Inc.,* 46 F.3d 956, 960 (9th Cir. 1995) ("equitable relief in the form of the recovery of compensatory damages is not an available remedy under 29 U.S.C. § 1132(a)(3)").

In *Amalgamated Clothing & Textile Workers Union v. Murdock,* 861 F.2d 1406 (9th. Cir.1988), a pre-*Mertens* case, and subsequently in *Waller v. Blue Cross of California,* 32 F.3d 1337 (9th Cir.1994), this circuit held that a claim for constructive trust is an equitable remedy under ERISA. A constructive trust is not, however, what FMC seeks in this case. As *Murdock* and *Waller* indicate, a constructive trust is born from some form of ill-gotten gain of another's property. Owens did not gain FMC's medical payments by any form of fraud, duress, or unconscionable behavior. Additionally, *Murdock* indicates that in order to allow a claim for constructive trust under ERISA, a breach of fiduciary duty must be present. *See Murdock,* 861 F.2d at 1411–1412. No such breach is present in this case. FMC's claim is not in the nature of a constructive trust, nor has it pleaded a claim seeking such relief.

The Supreme Court in *Varity Corporation v. Howe,* —— U.S. ——, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996), provided an example of "appropriate equitable relief" under section 1132(a)(3). In *Varity,* the district court ordered as the remedy that the plan administrator reinstate its former employees into its

own plan after it, through trickery, led them to withdraw from the plan and forfeit their benefits. *Id.* at ——, 116 S.Ct. at 1069. The court held that such a remedy was permissible under the equitable relief that ERISA affords. *See id.* at ——, 116 S.Ct. at 1079. Additionally, it is interesting to note that at the appellate level of that case, the Eighth Circuit stripped all money judgments rendered by the jury, except for any restitution due to the employees. *See Howe v. Varity Corporation,* 36 F.3d 746, 756–757 (8th Cir. 1994).

The substance of the remedy sought by FMC is money damages for Owens's alleged breach of the Plans, which are contracts. *See Watkins,* 12 F.3d at 1528 n. 5 (analyzing the substance of the remedy sought, *i.e.,* injunction versus damages). FMC wishes to be reimbursed as stated in its Plans. What FMC seeks is not restitution, nor is it a constructive trust. Additionally, it is not subrogation as the district court suggested. When the substance of the relief is monetary, the cases cited above indicate that such a remedy is not available under section 1132(a)(3). FMC attempts to "dance around the word," *Mertens,* 508 U.S. at 255, 113 S.Ct. at 2068; however, what it seeks is not a form of equitable relief recognized by the narrow construction of section 1132(a)(3) as required by *Mertens.* This court relies on the construction mandated by *Mertens* and declines to extend the interpretation of section 1132(a)(3) to include a claim for reimbursement.

This court will not embark on the task of rewriting FMC's plan in such a way as to make FMC's claim fit into the classifications of restitution or constructive trust. FMC's claim is not cognizable under section 1132(a)(3), and as such, the district court was without subject matter jurisdiction to entertain this claim.[2]

The district court's finding of subject matter jurisdiction is REVERSED, and the case

is remanded to the district court with directions to dismiss the action.

---

2. FMC will have to pursue its claims under the Plans in state court if it wishes to receive the

reimbursement it is allegedly owed by Owens.