**BUNTING BEARINGS CORP., Plaintiff,**

v.

**Valerie MILLER, Defendant.**

**No. 3:01CV07033.**

United States District Court,
N.D. Ohio,
Western Division.

April 5, 2001.

Thomas H. Lawrence, Hale Headrick Dewey Wolf Golwen Thornton, Memphis, TN, for Bunting Bearings Corporation, plaintiff.

David R. Pheils, Jr., Pheils & Wisniewski, Perrysburg, OH, Marshall D. Wisniewski, Pheils & Wisniewski, Perrysburg, OH, for Valerie Miller, defendant.

## ORDER

CARR, District Judge.

This is a claim for subrogation to enforce the terms of an ERISA employee welfare plan. The defendant, who received benefits under the plan following an accident, also recovered by way of settlement against the tortfeasor. The plan now seeks to be reimbursed for the monies it paid to the defendant.

The defendant has filed a motion to dismiss, claiming that no cause of action arises in favor of the plan under 29 U.S.C. § 1132(a)(3). According to the defendant, because § 1132(a)(3)(A). limits suits by fiduciaries, such as the plaintiff here, to injunctive or "other appropriate equitable relief," the plan cannot bring a subrogation action to recover monies paid to a beneficiary.

Defendant's argument overlooks the fact that the remedy sought here—specific enforcement of the plan's terms, which expressly provide for subrogation—is an equitable remedy, and thus within the scope of claims that can be asserted under § 1132(a)(3)(A). *Administrative Committee v. Gauf,* 188 F.3d 767, 771 (7th Cir.

1999) ("a complaint purporting to state a claim for equitable relief under a reimbursement clause in a benefits contract is an equitable claim for purposes of ERISA § 502(a)(3)"; "Because the Committee is a fiduciary and is seeking equitable relief, we hold that the claim arises under ERISA § 503(a)(3) and therefore under federal law."); *Blue Cross & Blue Shield of Alabama v. Sanders,* 138 F.3d 1347, 1352 n. 5 (11th Cir.1998) ("Specific performance is an equitable remedy available when legal remedies are inadequate."). *See also Heller v. Fortis Benefits Ins. Co.,* 142 F.3d 487, 494 (D.C.Cir.1998) (allowing a claim for restitution under § 1132(a)(3)(A)).

Subrogation, moreover, has traditionally been viewed as an equitable remedy. *Pearlman v. Reliance Ins. Co.,* 371 U.S. 132, 137 n. 12, 83 S.Ct. 232, 9 L.Ed.2d 190 (1962) (subrogation "is a creature of equity; is enforced solely for the purpose of accomplishing the ends of substantial justice; . . . .") (*citing Memphis & L.R.R. Co. v. Dow,* 120 U.S. 287, 301–302, 7 S.Ct. 482, 30 L.Ed. 595 (1887)). A claim for subrogation, in light of its equitable nature, thus, and without more, provides a basis for the plan's suit in this case. *Cavanaugh v. Great Lakes Pet Supply, Inc.,* 1995 WL 765287 (N.D.Ill. Dec. 23, 1995) (NO. 95 C 5543).

The principal case to the contrary, *FMC Medical Plan v. Owens,* 122 F.3d 1258, 1260 (9th Cir.1997) is distinguishable on its facts. In that case, the plan did not provide for a right of subrogation, and that omission was a basis for the court's holding that the plan could not seek recovery against a beneficiary. The plan here extends that right expressly, and obligates beneficiaries to pay subrogated claims. *But see Metropolitan Life Ins. Co. v. Socia,* 16 F.Supp.2d 66, 72 (D.Mass.1998) (plan not entitled to restitution of benefits paid to beneficiary who recover against tortfeasor).

■ Equitable considerations favor the plan. The beneficiary's recovery can be presumed to have been based, at least in part, if not substantial part, on the extent of her medical expenses. Judicial notice can be taken of the fact that lawyers in personal injury cases typically assess the settlement value of a case on a multiple of the "specials." These, in turn, usually mean the medical expenses and lost wages incurred as a result of an injury. The defendant's settlement, accordingly, can fairly be viewed as having taken the amounts paid by the plan into account. Calling on her to reimburse the plan for those amounts—at least where her recovery has been substantially greater than those amounts—is entirely equitable.

I conclude, accordingly, that the defendant's motion to dismiss should be denied.

It is, therefore,

ORDERED THAT defendant's motion to dismiss be, and the same hereby is overruled.

So ordered.