**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEXANDER C. BAKER,<br><br>    Plaintiff-counter-<br>    defendant-Appellant,<br><br>  v.<br><br>CLARA VESELIZA BAKER, AKA Clair<br>Marlo,<br><br>    Defendant-counter-claimant-<br>    Appellee. | No.    18-55922<br><br>D.C. No.<br>2:16-cv-08931-VAP-JPR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge

Argued and Submitted March 1, 2021
Pasadena, California

Before:  SILER,[**] HURWITZ, and COLLINS, Circuit Judges.

---

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        [**]    The Honorable Eugene E. Siler, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Alexander Baker (Alexander) appeals a judgment entered in favor of Clara Veseliza Baker's (Clara) First Amended Counterclaim (FACC) and an award of attorney's fees to Clara as the "prevailing party" in this suit.

Alexander's operative complaint raised several federal claims, including alleged violations of RICO statutes and copyright infringement. However, all of Alexander's federal claims were disposed of through summary judgment in Clara's favor in 2018.[1] The FACC sought a declaration that "the reported and/or registered writer splits" for the copywritten songs that were the subject of Alexander's infringement allegations are "true and correct." The district court granted the requested declaration after dismissing Alexander's federal claims. The issues for

---

[1] Alexander challenges the district court's conclusion, in its order granting summary judgment on his claim for copyright infringement, that he had granted an implied license to Clara and FirstCom Music. However, except with respect to one specified group of songs, the district court also dismissed this infringement claim on the *alternative* ground that Alexander had failed to register his copyrights prior to bringing his copyright infringement claim, and Alexander does not contest that alternative ground on appeal. As to that remaining group of songs, the district court held that Alexander had already obtained a judgment against Clara with respect to those songs and could not sue her again, and Alexander does not challenge that ruling either. Because these unchallenged alternative rulings fully support the summary judgment to Clara on the copyright infringement claim, there is no basis to set aside that order. The implied license ruling was essential only with respect to the district court's grant of summary judgment as to the copyright infringement claim against FirstCom Music and only with respect to that group of songs. However, after the summary judgment ruling, Alexander stipulated to the dismissal of all claims against FirstCom Music, which is therefore not a party to this appeal. Alexander therefore has forfeited any challenge to the summary judgment as to FirstCom Music, including on the grounds of an implied license to FirstCom Music.

decision are whether the district court had subject matter jurisdiction over the FACC and, if it did not, whether the award of fees to Clara as the "prevailing party" in this litigation should therefore be revisited.[2]

"The existence of subject matter jurisdiction is a matter of law that is reviewed *de novo*." *FMC Medical Plan v. Owens*, 122 F.3d 1258, 1260 (9th Cir. 1997). An award of attorney's fees is reviewed for abuse of discretion. *Stetson v. Grissom*, 821 F. 3d 1157, 1163 (9th Cir. 2016). We vacate the district court's declaratory judgment on the FACC on jurisdictional grounds, and remand for the limited purpose of reducing the fee award by the amount attributable to Clara's success on the FACC, as opposed to her success on Alexander's operative complaint.

1. "[J]ust because a case involves a copyright does not mean that federal subject matter jurisdiction exists." *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (citing *Vestron, Inc. v. Home Box Office, Inc.*, 839 F.2d 1380, 1381 (9th Cir. 1988)). Rather, the issue is whether "(1) the complaint asks for a remedy expressly granted by the Copyright Act; (2) the complaint requires an interpretation of the Copyright Act; or (3) federal principles should control the claims." *Id.* at 986. A claim seeking a mere "naked declaration of ownership or

---

[2] Because, within 30 days of the entry of the district court's order awarding attorney's fees, Alexander filed a document in this court confirming that he challenges that order on this appeal, we have jurisdiction over that challenge. *See Smith v. Barry*, 502 U.S. 244, 248-49 (1992) (informal brief in court of appeals may provide sufficient notice to serve as a notice of appeal).

contractual rights" does not give rise to federal subject matter jurisdiction, "even though the claim might incidentally involve a copyright or the Copyright Act." *Topolos v. Caldewey*, 698 F.2d 991, 993 (9th Cir. 1983) (internal quotation marks and citation omitted).

As the district court explained, the FACC sought to resolve a "dispute [between Alexander and Clara over] the attribution of the authorship of certain musical compositions created as works-for-hire." No construction of the Copyright Act is required to settle this claim. And, although in some cases "federal jurisdiction may be appropriate if resolution requires application of the work-for-hire doctrine of the Copyright Act," *JustMed, Inc. v. Byce*, 600 F.3d 1118, 1124 (9th Cir. 2010), this rule only applies when copyright ownership is at issue, or the application of the work-for-hire doctrine is "central" to the case, *see id.* at 1124-25. Here, copyright ownership is undisputedly and wholly assigned to FirstCom Music through the work-for-hire contracts. The FACC merely seeks the right of attribution under such contracts and a declaration that certain writer splits are accurate.

Given that the FACC thus raised only a state-law claim, we next consider whether the district court should have retained supplemental jurisdiction over that claim after all federal law claims had been dismissed prior to trial. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy,

4

convenience, fairness, and comity—will point toward declining to exercise [supplemental federal] jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). On this record, we conclude that the district court abused its discretion in retaining jurisdiction over the FACC while dismissing Alexander's closely related fraud claim. The fraud claim asserted that "[e]ach and every song listed in Appendix B [to the Complaint] was solely authored by Alexander Baker, or else authored in a percentage greater than as stated on the official registration," and that Clara's false representations caused each song to be registered with "unequal writer splits." The FACC's requested relief was "a declaration that the reported and/or registered writer splits for every composition and sound recording listed in Appendix B to the Complaint are true and correct." Because those two claims are substantially intertwined, the district court's decision to send one of these claims to state court while retaining and trying the other in federal court was an abuse of discretion. Moreover, there are no special considerations here that warrant any departure from the general rule that all state law claims should have been dismissed without prejudice to refiling them in state court. Accordingly, we vacate the district court's declaratory judgment on the FACC and remand with instructions to dismiss the FACC without prejudice to refiling that claim in state court.

2. The Copyright Act provides that "the court in its discretion may allow the recovery of full costs by or against any party other than the United States" including "a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Prevailing party status turns on whether there has been a "material alteration of the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001) (quotation marks omitted). The district court held that Clara was the prevailing party on Alexander's copyright claim, finding the copyright claim objectively unreasonable because Alexander failed to comply with pre-filing registration requirements. It also found that Alexander pursued his copyright action in bad faith, evidenced by his pre-lawsuit conduct and conduct during litigation. Therefore, the district court did not abuse its discretion in awarding attorney's fees in favor of Clara for Alexander's copyright infringement action.

However, the fee award included fees incurred by Clara in pursuing the FACC. Because we conclude that the district court's declaratory judgment on the FACC must be vacated on jurisdictional grounds, the district court should on remand recalculate the award without taking into account fees incurred in pursuing the FACC.

**AFFIRMED** in part; **VACATED** in part; and **REMANDED**.